UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KEAIRUS WILSON** ] | |
|     Petitioner, ] | |
| ] | No. 3:15-1058 |
| v. ] | (No. 3:10-cr--00163-27) |
| ] | Judge Trauger |
| **UNITED STATES OF AMERICA** ] | |
|     Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the United States Penitentiary - Allenwood, in White Deer, Pennsylvania. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

In March, 2012, a jury found the petitioner guilty of conspiring to participate in a racketeering activity (Count 1); murder in aid of racketeering (Counts 2 and 6); use or carrying of a firearm during and in relation to a crime of violence (Counts 3 and 7); murder resulting from the use of a firearm during and in relation to a crime of violence (Counts 4 and 8); and conspiring to use or carry a firearm during and in relation to a crime of violence (Count 27). United States v. Wilson, No. 3:10-cr-00163-27 (M.D. Tenn.), Docket Entry No. 1911 at pgs. 16-17.

For these crimes, he received five concurrent sentences of life imprisonment (Counts 1, 2, 4, 6 and 8), a concurrent sentence of twenty (20) years in prison (Count 27), and consecutive sentences of ten years (Count 3) and twenty five (25) years (Count 7), to be followed by five years of supervised release. *Id.*, at Docket Entry No. 1880.

1

On appeal, a panel of the Sixth Circuit vacated the petitioner's § 924(c) convictions (Counts 3 and 7). The remaining convictions, however, were affirmed. *Id.*, at Docket Entry No. 2066. The United States Supreme Court later denied petitioner's application for a writ of certiorari. *Id.*, at Docket Entry No. 2091. Pursuant to appellate mandate, the judgment in this case was amended to reflect the deletion of the ten year (Count 3) and twenty five (25) year (Count 7) sentences. *Id.*, at Docket Entry No. 2121.

On October 2, 2015, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking the convictions. In the motion, the petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel. More specifically, the petitioner alleges that "counsel's incompetence in the plea process compelled movant to proceed to trial instead of entering a plea of guilty."[1] The petitioner later expanded on his claim by alleging that counsel (1) failed to fully explore plea possibilities, (2) failed to adequately communicate his desire for a plea offer to the prosecution, (3) did not encourage or broker a deal on petitioner's behalf, (4) failed to advise petitioner that he could plead guilty without a plea agreement/offer, (5) failed to inform the petitioner of the Court's deadline for accepting guilty pleas, and (6) failed to advise the petitioner of any rational defense options as an alternative to trial. Docket Entry No. 8 at pgs. 4-10.

After examining petitioner's motion, the Court found that it was not facially frivolous. Accordingly, by an order entered October 20, 2015 (Docket Entry No. 3), the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

---

[1] The petitioner was represented by Kimberly Hodde, a member of the Davidson County Bar.

Presently pending before the Court are the government's Response opposing the motion (Docket Entry No. 21) and an Affidavit from counsel (Docket Entry No. 21-1), to which the petitioner has filed a Reply (Docket Entry No. 22) to the government's Response.[2]

Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules -- § 2255 Cases.

The effective assistance of counsel is guaranteed to a criminal defendant by the Sixth Amendment. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984).

Prejudice arises when there is a reasonable probability that, but for counsels' errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

According to counsel's Affidavit, the petitioner was not very cooperative about providing information relevant to the charges. Docket Entry No. 21-1 at pg. 3. In his Reply, the petitioner

---

[2] The Court notes that the Reply to the government's Response has not been signed by the petitioner.

3

Case 3:15-cv-01058   Document 23   Filed 06/22/16   Page 3 of 5 PageID #: 101

acknowledges that he was reluctant to candidly discuss the case with counsel. Docket Entry No. 22 at pg. 7. Counsel was led to believe that the government was not pursuing a plea agreement with the petitioner because it was thought that he was responsible for multiple uncharged murders. Docket Entry No. 21-1 at pg. 2. Nevertheless, counsel was told that the government would consider a sentence of forty (40) years imprisonment. This information was passed on to the petitioner who declined the offer. *Id.* at pg. 5. The petitioner subsequently relented and authorized counsel to engage in plea discussions with the government. *Id.* at pg. 6. He told her that he would plead guilty to the RICO count in exchange for a sixteen (16) year sentence and dismissal of all remaining charges, an offer that was rejected by the government. *Id.* at pgs. 6-7.

At a pre-trial hearing, the subject of plea negotiations was brought up. The Court was of the impression that no plea offer had ever been made by the government for the petitioner. United States v. Wilson, *supra* at Docket Entry No. 1491, pg. 22. Counsel for both parties, however, assured the Court that plea offers had been made by the government and discussed with the petitioner. *Id.* at pgs. 23-24.[3]

Petitioner's Reply casts little doubt on the credibility of the statements made by his attorney in her Affidavit. It appears, therefore, that counsel was neither incompetent in the plea process nor that the petitioner was compelled to proceed to trial.

---

[3] A good deal of the petitioner's Reply is devoted to his need for the appointment of counsel. In support of this, he states that Martinez v. Ryan, 132 S.Ct. 1309 (2012) "would seem to require the appointment of counsel when the petitioner is bringing a claim of ineffective assistance of trial counsel for the first time." Docket Entry No. 22 at pg. 1. Martinez, however, does not concern the appointment of counsel. Rather, that case stands for the proposition that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. A procedural default is not indicated in this matter. Thus Martinez has no application here.

4

As a consequence, the Court finds that the petitioner was not denied his Sixth Amendment right to the effective assistance of counsel. Petitioner's § 2255 motion, therefore, lacks merit and shall be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge